JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN JONES,<br><br>    Plaintiff,<br><br>  v.<br><br>S. DENGATE,<br><br>    Defendant. | Case No. CV 22-7467 DSF (MRW)<br><br>**ORDER DISMISSING ACTION** |

  The Court dismisses this action due to the failure of a pro se litigant to amend his defective complaint in response to a court order.

* * *

  1.  This is a prisoner civil rights action. Plaintiff Jones is an inmate at the state prison facility in San Luis Obispo, California. In a civil complaint filed in October 2022, Plaintiff alleged that a correctional officer retaliated and discriminated against him in response to an earlier grievance that Plaintiff filed. (Docket # 1.)

2. Magistrate Judge Wilner screened the complaint pursuant to 28 U.S.C. § 1915A.[1] Judge Wilner issued an order dismissing the action with leave to amend. The screening order noted numerous pleading defects with Plaintiff's complaint, including the failure to adequately plead facts sufficient to state civil rights claims for retaliation or discrimination. (Docket # 6.)

3. The screening order gave Plaintiff until the end of December 2022 to file an amended complaint, voluntarily dismiss the case, or face involuntary dismissal of the action. Plaintiff failed to respond to the screening order or to file an amended complaint.

\* \* \*

4. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

5. Rule 41(b) specifically authorizes a court to dismiss a civil action when a plaintiff has not filed a required pleading "after being given leave to do so." Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017). Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and "indicate[s] that failure to do so would result in dismissal" under the rule. Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir. 2019).

6. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the

---

[1] Plaintiff initially failed to pay the Court's filing fee or to submit a proper application for in forma pauperis treatment. (Docket # 3.) He subsequently filed part of the application, but did not include a certified prison trust account statement from his institution. (Docket # 5.) Even though Plaintiff has not fully complied with the IFP process, Judge Wilner screened the adequacy of the complaint in the interests of justice and efficiency.

2

court's need to manage its docket, and to avoid the risk of prejudice to defendants. <u>Omstead v. Dell, Inc.</u>, 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. <u>Carey v. King</u>, 856 F.2d 1439, 1440 (9th Cir. 1988).

7. In the present action, the Court concludes that dismissal of the action is appropriate. Plaintiff failed to amend his complaint after receiving an explanation of its problems from the magistrate judge. In the period since Plaintiff commenced this civil action, he has failed to respond substantively to the Court's screening order about his defective complaint. Plaintiff's inability to do so demonstrates that he has no interest in advancing the action here.

8. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively chose not to pursue his case by failing to comply with the Court's screening order. Furthermore, because Plaintiff is a <u>pro se</u> litigant who has not advanced the action, no sanction short of dismissal will be effective in moving this case forward. <u>Carey</u>, 856 F.2d at 1440.

9. The Court concludes that dismissal is appropriate under Rule 41(b). <u>Applied Underwriters</u>, 913 F.3d at 892. Dismissal under Rule 41(b) ordinarily "operates as an adjudication on the merits" of a claim. Therefore, the action is dismissed with prejudice.

IT IS SO ORDERED.

DATED: February 21, 2023

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE